## In re D. R. U. CORSET CO.

(District Court, W. D. Pennsylvania. April 16, 1925.)

No. 8922.

Bankruptcy ⬤⟹272—Claim of trustee for expenses held allowable.

Claim of a trustee for expense, including charges for storage of books, and desk room rental, incurred in ᐟ obtaining an accounting from a state receiver in possession of bankrupt's assets, held properly allowable.

In Bankruptcy. In the matter of the D. R. U. Corset Company, bankrupt. On review of order of referee. Reversed.

Watson B. Adair, Elias Sunstein, and Chas. A. Woods, all of Pittsburgh, Pa., for trustee.

Hugh P. McGowan, of Pittsburgh, Pa., for D. R. U. Corset Co. and receiver.

GIBSON, District Judge. In the final account of the trustee in above-entitled matter, the referee refused to allow a certain credit of $100 claimed by the trustee. Later the trustee filed an amended account setting forth in detail items of credit which more than made up the amount of $100. The ref-

eree thereupon amended his order allowing an additional credit of $9.50, but denying the balance of the claim of credit; thereupon the matter was certified to this court for review.

An examination of the entire record in above matter will disclose the fact that the trustee, even though granted the amount claimed by it, was very inadequately compensated for the labor and annoyance entailed in the performance of its duty. That fact, however, would not justify the allowance of credits plainly in violation of the Bankruptcy Act (Comp. St. §§ 9585–9656). It is a reason, on the other hand, why proper credits should not be disallowed merely by reason of formal deficiencies in the claim.

The main controversy in the instant matter is over a claim of rental on the part of the trustee. When the bankrupt's estate was turned over to the accountant by order of this court, it was in the possession of a receiver appointed by the state court. Before the estate could be administered by the trustee, it was necessary to secure an accounting from the state court receiver. This was a matter of considerable delay and annoyance, and it became necessary to store the bankrupt's books, etc., and furnish desk room for the state court receiver in its preparation. An allowance for such purpose is not in direct contravention of the provisions of the Bankruptcy Act, and might well be allowed in view of all the circumstances. Wherefore, though we agree with the referee in many of the legal propositions advanced by him in his opinion upon this matter, we feel that the allowance claimed should be allowed.

## Order of Court.

And now, to wit, April 16, 1925, the petition of the South Side Trust Company of Pittsburgh (now Pennsylvania Trust Company) for review of the amended order of the referee in bankruptcy having come on to be heard, upon consideration thereof, it is hereby ordered that the order of the said referee, amending said account of the South Side Trust Company of Pittsburgh, trustee, by striking therefrom the item of credit claimed "Accountant, $100," and inserting in place thereof "Trustee's commission, $.30; trustee's expenses for postage and stationery, $9.50," be reversed and set aside, and that said claim of credit of $100 be allowed.